IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GUILLERMO WILLIE RODRIGUEZ,**

    **Plaintiff,**

**vs.**                                                 **3:08CV391-MCR/AK**

**WALTER MCNEIL, et al,**

    **Defendants .**

                                            /

## REPORT AND RECOMMENDATION

Plaintiff has filed a second amended complaint against seven defendants at Walton Correctional Institution and the Secretary of the Florida DOC. (Doc. 27). Despite three attempts at stating viable claims, Plaintiff has continued to re-state claims which the Court has already explained cannot go forward without more facts or that are without legal merit.

**I.**    **Allegations of the second amended complaint**

Plaintiff complains that Defendant Danley was threatening him and "picking fights and running his mouth" and this resulted in Plaintiff being written up on several disciplinary reports for disobeying an order and disorderly conduct. Plaintiff complained about Danley in grievances and verbally to Defendant Pabst and this resulted in other officers (Defendant Moring and others not named as defendants) issuing more DR's. Defendants Johnson and Daughtry took his religious property (four books), and Defendant Schlaf and McNeil did nothing about any of this, even though he filed

grievances which they denied. Plaintiff does not mention Defendant Russell or otherwise explain how he violated Plaintiff's rights. He seeks damages for his mental and spiritual damage.

## II.     Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but

there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

### III.   Analysis

  a)   Retaliation

To state a retaliation claim, a prisoner must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008), *citing* Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). It is clear that the filing of grievances is protected speech, thereby establishing the first element. See Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006); Redd v. Conway, 160 Fed. Appx. 858, 862 (11th Cir. 2005). However, Plaintiff has failed to provide any facts that would indicate that the Defendants' actions actually dissuaded him from engaging in the filing of grievances or that their actions of filing DR's were connected to and in retaliation for his filing grievances.

The second element is met if the defendant's conduct "would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Smith, *supra*

at 1277, *citing* Bennett. This inquiry requires an objective standard and a factual inquiry. Id. The Court in Smith found that the objective standard was met in a case where the inmate alleged that threats of discipline dissuaded him from complaining about conditions at the prison. Similarly, in the present case Plaintiff claims that he was warned that if he continued to file grievances he would receive more DR's. Objectively, such threats would likely deter a person of ordinary firmness from exercising his rights, but factually, this is not what occurred and Plaintiff himself has attached to his complaint the grievances to prove it. Plaintiff has attached numerous grievances to his first and second amended complaints, which are unrelated to the retaliation claims, but which were filed after the alleged threats occurred and prove at least that he was not afraid to use the grievance process even after these threats. (See Docs. 16 and 27). Therefore, factually he was **not** deterred from exercising his First Amendment rights.

Finally, the causal connection inquiry asks whether defendants were "subjectively motivated" to discipline a prisoner because of his First Amendment activity. Smith, *supra* at 1278. If a prisoner can show that his grievance filing was a motivating factor behind the disciplinary reports, the burden then shifts to the defendants to show that they would have taken the same action (e.g. filing a DR) regardless of Plaintiff's protected activity. See Thaddeus-X v. Blatter, 175 F.3d 378, 387 (6th Cir. 1999) (en banc). While the burdens of proof discussed in Smith, *supra*, and Thaddeus-X discussed above are in the context of summary judgment motions, a complaint raising a retaliation claim under section 1983 is subject to a heightened pleading requirement and a claim based on vague or conclusory allegations should be dismissed. See Hammock v. Jarriel, 2007 WL 1810442 (S.D. Ga. 2007), citing Laurie v. Alabama Court of Crim.

Appeals, 256 F.3d 1266 (11th Cir. 2001) and other cases for law in Eleventh Circuit. See also Amnesty International v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009) (heightened pleading required in section 1983 when individuals may be entitled to qualified immunity).  Plaintiff has been given ample opportunity to provide more details about the retaliation claim he alleges, but has come forth with nothing but a vague theory that Defendant Danley did not like him and fabricated a disciplinary report against him, and when Plaintiff filed a grievance against him, Danley's friends also filed fabricated DR's against him.  These "facts" do not establish either that the fabricated DR's dissuaded Plaintiff from his First Amendment activity or that the filing of the initial grievance against Defendant Danley is connected to either the DR Danley filed against Plaintiff or the others that allegedly followed.

      b)      <u>Property and religious issues</u>

The Court directed Plaintiff by previous Order (doc. 15) that loss of property was not a constitutional issue unless he could make clear the religious connection to the property that he alluded to, but provided no facts to support.  It was explained that the Supreme Court has held that a simple property loss claim could not succeed under § 1983 because even though the prisoner "had been 'deprived' of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's post-deprivation tort remedy provided the process that was due."  Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986).  See also Carcamo v. Miami-Dade County, 375 F.3d 1104, 1105 (11th Cir. 2004) (a random and unauthorized deprivation of property does not violate procedural due process if the state provides an adequate post-deprivation remedy).  The State of Florida has waived its sovereign

immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  Moreover, Florida has established the "Florida Disposition of Unclaimed Property Act."  FLA. STAT. § 717.001, *et seq*.  The existence of § 768.28 and the Unclaimed Property Act provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.  There is no indication that Florida's statutory schemes are inadequate.

It was further explained that even if Plaintiff could legitimately claim that the deprivation of his property was more than negligent and done intentionally and maliciously, his claim must still fail under the Fourteenth Amendment.  The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  Because Daniels, and Hudson foreclose relief under § 1983 when a state provides adequate post-deprivation remedies to protect procedural due process rights, Plaintiff's claims concerning the deprivation of his property are not cognizable under § 1983.

Plaintiff filed a first amended complaint after the first order detailing the deficiencies in Plaintiff original complaint (doc. 15), and he failed yet again to explain the religious connection to the property.  (Doc. 16).  The Court entered another order setting forth in more detail the law relative to First Amendment freedom of religion issues in prison and granted Plaintiff leave to file a second amended complaint.  (Doc. 21). Plaintiff filed a second amended complaint (doc. 27) and the only facts he provided

were that four "written books" were taken from him. He fails to identify the books or how their confiscation affected his religious practices. See O'Lone v. Estate of Shabazz, 482 U.S. 340, 349, 107 S. Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987) *utilizing the standard of* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987) (in the prison context, a plaintiff must demonstrate that prison officials have employed a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which burdens a practice of his religion or prevents him from engaging in conduct or having a religious experience which the faith mandates). Despite three attempts to state this claim, Plaintiff has failed even to identify his religion or the exact nature of the property taken. Consequently, this claim should be dismissed as frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, (doc. 27), be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this __27th__ day of April, 2009.

            *s/ A. KORNBLUM*
            **ALLAN KORNBLUM**
            **UNITED STATES MAGISTRATE JUDGE**

7

**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**